IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:09-cv-193-MEF |
| | ) |
| OFFICER EAST, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Defendant's Motion to Strike (Doc. # 18) filed on April 21, 2009. In his motion, the named defendant, Officer East ("East") moves to strike the fictitious defendant described in the Amended Complaint as "Officer A." In response, Plaintiff filed a Motion to Open Discovery (Doc. #25) on April 25, 2009 so that he could ascertain Officer A's identity. Also before the Court is Defendant's Motion to Dismiss (Doc. #15) filed on April 21, 2009, in which East contends that he is entitled to qualified immunity from Plaintiff's claims. In this Memorandum Opinion and Order, the Court will discuss Plaintiff's Motion to Open Discovery and Defendant's Motion to Strike.

Plaintiff's Motion to Open Discovery

In federal courts, qualified immunity is "an *immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original). The purpose of immunity is to "avoid subject[ing] government officials either

to the costs of trial or to the burdens of broad-reaching discovery." *Id.* The Eleventh Circuit has also recognized the importance of preventing discovery in cases where a defendant asserts qualified immunity. *See Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003) (stating that a defendant pleading qualified immunity is entitled to a stayed discovery until resolution of the defense).

In his motion, Plaintiff asks the Court for leave to conduct limited discovery to determine the identity of Officer A. Plaintiff acknowledges that fictitious party pleading is not allowed in federal court but argues that "Plaintiff has precisely described Officer A with all but his/her name and that name may be easily ascertained through limited discovery." (Doc. # 28, pg. 3). East contends that Plaintiff's motion is unsupported by Eleventh Circuit case law, which does not allow discovery until resolution of the defendant's qualified immunity defense. The Court agrees that Plaintiff may not conduct discovery even for the limited purpose of discovering Officer A's identity because East has asserted a qualified immunity defense. Consequently, he is entitled to a ruling on that assertion of immunity from suit prior to having to participate in discovery in this case. Therefore, Plaintiff's Motion to Open Discovery (Doc. # 25) is due to be DENIED.

<u>Defendant's Motion to Strike</u>

In Defendant's Motion to Strike, East moves to strike the fictitious defendant described in the Amended Complaint as "Officer A." There is no fictitious party practice in federal courts. *See, e.g.,* Fed. R. Civ. P. 10(a); *New v. Sports & Recreation, Inc.,* 114 F.3d 1092, 1094 n.1 (11th Cir. 1997); *Harris v. Palm Harbor Homes, Inc.,* 198 F. Supp.

2d 1303, 1304 n.6 (M.D. Ala. 2002); *Edwards v. Alabama Dep't of Corr.,* 81 F. Supp. 2d 1242, 1257 (M.D. Ala. 2000).  Therefore, Defendant's Motion to Strike (Doc. #18) is due to be GRANTED.

## Conclusion

It is hereby

ORDERED that Defendant's Motion to Strike (Doc. # 18) is GRANTED and Plaintiff Motion to Open Discovery (Doc. #25) is DENIED.

DONE this the 29th day of May, 2009.

                                              /s/ Mark E. Fuller
                              CHIEF UNITED STATES DISTRICT JUDGE