IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 2:09-cv-193-MEF-TFM |
| ) | |
| OFFICER PATRICK EAST, ) | (WO - DO NOT PUBLISH) |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Steven Smith ("Plaintiff") brought this case against Officer Patrick East ("Defendant"), Nurse Kellie Murrell, and fictitious defendant "Officer A" (Doc. #4). The parties jointly dismissed with prejudice all claims against Nurse Murrell (Doc. #21). This Court granted Defendant's Motion to Strike Officer A (Doc. #34). Now pending before this Court is Defendant's Motion to Dismiss the Amended Complaint (Doc. #15) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth in this Memorandum Opinion and Order, the motion is due to be GRANTED in part and DENIED in part.

### II. JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343. The parties do not contest that this Court lacks personal jurisdiction over them, and there is no dispute that venue is proper pursuant to 28 U.S.C. § 1391(b).

### III. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. Therefore, for the purposes of adjudging a Rule 12(b)(6) motion to dismiss, the court will accept as true all well-pleaded factual allegations and view them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). While Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," as a general matter, to survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 555 (internal citations omitted). It is not sufficient that the pleadings merely leave "open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." *Id.* at 561 (internal quotation and alteration omitted).

Section 1983 claims, however, are subject to a heightened pleading standard when the defendant is an individual to whom the qualified immunity defense is available. *Swann v. Southern Health Partners, Inc.*, 388 F.3d 834, 838 (11th Cir. 2004). The heightened pleading requirement is necessary so that the Court can determine whether a defendant's actions violated a clearly established right. *See GJR Invs., Inc. v. County of Escambia*, 132

F.3d 1359, 1367 (11th Cir. 1998). The Eleventh Circuit has recently reaffirmed the validity of the heightened pleading requirement, noting that "[u]nder the heightened pleading requirement, the relevant facts must be alleged 'with some specificity.'" *Danley v. Allen*, No. 07-12328, 2008 WL 3874672, at *11 (11th Cir. Aug. 22, 2008) (citing *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003)) (internal quotation marks and citation omitted). A complaint must be dismissed under the heightened pleading standard where the allegations are "vague and conclusory." *Id.*

## IV. FACTUAL AND PROCEDURAL BACKGROUND

### A. Facts

On or about November 7, 2008, Plaintiff was placed in an Elmore County Jail pod with nineteen other inmates, having been charged with burglary and driving under the influence. Defendant stood guard outside the pod and could see and hear activities inside the pod. Four inmates physically attacked another inmate in the pod. Defendant did not reprimand any of the attackers or remove them. Thirty to forty minutes later, the same attackers physically assaulted Plaintiff, who had defended another inmate. Defendant did nothing to prevent or stop the attack.

Following the beating, Defendant removed Plaintiff from the pod and took him to a nurse. Plaintiff was then transported to Elmore County Hospital for treatment of his injuries. Due to delays in treatment, Plaintiff's broken wrist healed improperly. Plaintiff cannot perform his customary work of building houses due to the problems with his wrist. He also

must undergo expensive surgery to fix his wrist.

## B. Procedural History

Plaintiff's First Amended Complaint asserted claims against Defendant, Nurse Kellie Murrell, and fictitious defendant "Officer A" (Doc. #4). Following the parties' joint dismissal of Nurse Murrell and this Court's granting of Defendant's Motion to Strike all claims against "Officer A," two claims remain against Defendant. *See* Docs. #18, 21, and 34. Plaintiff alleges that Defendant acted with deliberate indifference both in failing to protect Plaintiff and with regards to Plaintiff's medical condition. Defendant's Motion to Dismiss challenges only the claim of deliberate indifference to Plaintiff's medical condition (Doc. #15). In the same motion, Defendant challenges Plaintiff's claims for equitable relief and punitive damages.

## V. DISCUSSION

### A. Deliberate Indifference to Plaintiff's Medical Condition

Defendant moves to dismiss all claims against him for deliberate indifference to Plaintiff's medical condition. Defendant asserts that Plaintiff fails to state a claim under the United States Supreme Court's decision in *Bell Atlantic Corporation v. Twombly* or the Eleventh Circuit's heightened pleading requirement for cases involving qualified immunity. Defendant also states he had no notice that his conduct violated Plaintiff's "clearly established" federal rights. Plaintiff concedes that he has no claim against Defendant for

deliberate indifference to his medical condition.[1]  Therefore, Defendant's motion to dismiss this claim is due to be GRANTED.

**B. Equitable Relief**

Defendant also moves to dismiss Plaintiff's claims for equitable relief.  As part of his requested relief in his Amended Complaint, Plaintiff prays for a declaratory judgment that the policies and practices he complains of violate the Fourteenth Amendment to the United States Constitution as well as the Constitution of Alabama.  Defendant argues that Plaintiff's declaratory judgment claims are moot because he is no longer under Defendant's custody or control; that Plaintiff lacks standing to obtain an equitable remedy because there is no substantial likelihood that he will suffer future injury; that Plaintiff fails to plead allegations sufficient for policy-maker liability; and that Defendant is not sued in his official capacity.  Plaintiff responds that this Court should ignore Defendant's arguments on this point, stating that Plaintiff does not seek declaratory relief.  Plaintiff adds that he sues Defendant only in his individual capacity and requests only the remedies of attorney's fees, compensatory damages, and punitive damages.  This Court construes Plaintiff's response as a concession that he has no claim for a declaratory judgment.  Therefore, Defendant's motion to dismiss this claim is due to be GRANTED.

**C. Punitive Damages**

Finally, Defendant moves to dismiss Plaintiff's claims for punitive damages because

---

[1] Plaintiff opposes Defendant's arguments but only on the claim of deliberate indifference for failure to protect.  Defendant concedes that Plaintiff's Amended Complaint pleads that claim.

Plaintiff has allegedly failed to plead the requisite degree of culpability or intent to justify punitive damages. Plaintiff counters that "reckless or callous indifference" can give rise to punitive damages. Plaintiff adds that they have therefore pled the requisite mental state by pleading a claim of deliberate indifference for failure to protect.

To have acted with deliberate indifference, the United States Supreme Court has stated that the defendant must know that the plaintiff faces a substantial risk of serious harm and disregard that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). *See also* 1 Sheldon H. Nahmod, Civil Rights and Civil Liberties Litigation: The Law of Section 1983 § 3:32 (4th ed. 2009) ("The Court . . . defined deliberate indifference in a subjective manner as meaning the failure to act when prison officials knew of a 'substantial risk of serious harm,' . . ."). In adopting this test, the Court chose the subjective recklessness standard of criminal law over the more-easily-satisfied objective standard traditionally used in civil law. *See Farmer*, 511 U.S. at 836.

Under well-settled law, a jury may be permitted to assess punitive damages in a claim arising under § 1983 when the defendant's conduct "is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). *See Lambert v. Fulton County*, 253 F.3d 588, 597 (11th Cir. 2001) (acknowledging the *Wade* standard for punitive damages on § 1983 claims); *Wright v. Sheppard*, 919 F.2d 665, 670 (11th Cir. 1990) (same); *H.C. v. Jarrard*, 786 F.2d 1080, 1089 (11th Cir. 1986) (same). The *Wade* standard applies even when the

underlying standard of liability for compensatory damages is one of recklessness. *Wade*, 461 U.S. at 56.

As noted in *Farmer*, the culpable mental state for a deliberate indifference claim is analogous to the heightened recklessness standard used in criminal law.  Having properly pled a claim of deliberate indifference for failure to protect, as conceded by Defendant, Plaintiff has certainly pled at least reckless indifference under the *Wade* standard.  Therefore, Defendant's motion to dismiss this claim is due to be DENIED.

## VI. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion to Dismiss (Doc. #15) is GRANTED in part and DENIED in part.  It is granted with respect to Plaintiff's claims for deliberate indifference to his medical condition and for declaratory judgment, which are both DISMISSED with prejudice; it is DENIED in all other respects.

DONE this the 29th day of October, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE